# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**CORNELIUS WILSON (#356241)**                                          **CIVIL ACTION**

**VERSUS**

**TIMOTHY HOOPER, ET AL.**                                                **18-698-SDD-RLB**

## ORDER

This matter comes before the Court on the plaintiff's Motion/Notice and Demand for Sanctions (R. Doc. 23). This Motion is opposed. *See* R. Doc. 24.

The plaintiff asserts that the defendants have failed to comply with this Court's Order (R. Doc. 20) granting the plaintiff's Motion to Compel (R. Doc. 17) in part, and requiring the defendants to provide the plaintiff with copies all documents pertaining to this matter, as set forth in Record Document 12, within 7 days of the date of the Order. Specifically, the plaintiff asserts that he did not receive a copy of his medical records, or copies of any Unusual Occurrence Reports, that the copies of the Bed Book and Log Book are for the wrong date, and that the copy of his Master Prison Record produced is not up to date, has an incorrect status, and notes the wrong race on it. The plaintiff requests that a default judgment be entered against the defendants for their failure to comply with this Court's Order (R. Doc. 20).

The defendants assert that an additional Notice of Compliance Regarding the plaintiff's medical records will be contemporaneously filed with their Opposition (R. Doc. 24), and that no Unusual Occurrence Reports were supplied by the Department, but that a second request had been made and that the defendants would either supply copies or a certification that no such records exist. As to the documents that were produced, the defendants assert that the plaintiff alleges in his Amended Complaint that he was attacked on September 26, 2016; therefore, the

Bed Book and Log Book for September were provided. The defendants additionally assert that the plaintiff's Master Prison Record matches his DOC number and is current as of August 12, 2019.

A review of the record reveals that the plaintiff's complaints regarding the defendants' production of documents are meritorious, except as to the Master Prison Record. First, with regards to the plaintiff's medical records, the defendants offer no explanation for their failure to provide a copy of the same until after the plaintiff filed the instant Motion. With regards to the Unusual Occurrence Reports, though they stated they would, the defendants have not yet supplied copies of the same or a certification that no such records exist. It is clear that at least one Unusual Occurrence Report was written with regards to the attack on the plaintiff by another inmate. The Second Step response issued in administrative remedy EHCC-2016-897 is partially based on the information provided in an Unusual Occurrence Report and states, "Per the completed UOR, on 10/12/16…" *See* R. Doc. 21-1, p. 9.

With regards to the Bed Book and Log Book, while it is true that the plaintiff states in his Amended Complaint that the attack occurred on September 26, 2016, the documents composing administrative remedy EHCC-2016-897 refer to the date of the incident as October 12, 2016 at least four times. It is unclear why, upon realizing the plaintiff's mistake in his Amended Petition, the defendants chose not to provide documentation for October out of an abundance of caution.

Finally, as to the Master Prison Record, while the plaintiff is correct that the Record was not current as of the date it was produced, the plaintiff has not identified any changes that would have been documented on his Record between the date it was printed (August 12, 2019) and the date it was produced (August 30, 2019). Additionally, with regards to the plaintiff's complaints

that the Record notes an incorrect status and race, it is unclear as to what status the plaintiff is referring to and what race should be noted. Regardless, the plaintiff does not deny that the Record produced is his Master Prison Record.

Based on the defendants' failure to comply with this Court's Order (R. Doc. 20), the Court concludes that the defendants should be sanctioned. Pursuant to Federal Rule of Civil Procedure 37(b)(2)(a), numerous sanctions may be imposed on a party that fails to comply with court orders, including the harsh penalty of default which the plaintiff requests in his Motion. However, Rule 37(b)(2)(C) also provides, in pertinent part, that "[i]nstead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, … , caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."

While the court has broad discretion to issue sanctions, that discretion is not unlimited. Rule 37(b)(2)(A) specifically limits the court's discretion to the issuance of "further just orders," which is in keeping with the purposes behind Rule 37 sanctions: to reimburse the moving party and to deter the violator of the discovery orders. *See, e.g., Day v. Allstate Ins. Co.,* 788 F.2d 1110, 1114 (5th Cir. 1986). Moreover, the Fifth Circuit has emphatically stated that "sanctions should not be used lightly, and should be used as a lethal weapon only under extreme circumstances." *E.E.O.C. v. General Dynamics Corp.,* 999 F.2d 113, 119 (5th Cir. 1993). The Fifth Circuit further opined that "[O]ur judicial wisdom commands us not to review supinely the imposition of sanctions, but to remain alert to the possibility of overkill." *Id.*

In this case, the defendants have failed to comply with part of one order of this court to date; thus, the harsh sanction requested by the plaintiff would be heavy handed. However, the defendants' failure to comply with this Court's Order (R. Doc. 20) is sanctionable, as the

defendants have provided no meritorious explanation or justification whatsoever for their delay in responding to the Order and supplementing their Notice of Compliance, or for providing incorrect documents, that would make the award of expenses unjust. Therefore, the court finds that the defendants should pay the reasonable expenses incurred in the plaintiff's filing of the motion to compel (R. Doc. 17) and motion for sanctions (R. Doc. 23), under Rule 37(b)(2)(C) for their unjustified failure to comply with this court's discovery order (R. Doc. 20). Accordingly,

**IT IS ORDERED** that the plaintiff's Motion (R. Doc. 23) is **GRANTED IN PART**, and the defendants shall, within 21 days of the date of this Order, pay to the plaintiff the sum of $25.00 to compensate the plaintiff for his time to draft the aforementioned motions, and for the paper and postage used.

**IT IS FURTHER ORDERED** that the defendants shall produce the Unusual Occurrence Report written with regards to the complained of attack and shall provide a copy of the Bed Book and Log Book for October 12, 2016, within 7 days of the date of this Order. Failure to comply may result in the implementation of additional sanctions.

**IT IS FURTHER ORDERED** that in all other regards the plaintiff's Motion (R. Doc. 23) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's Motion for Summary Judgment (R. Doc. 22) seeking a summary judgment due to the defendants' failure to comply with the Court's discovery Order is **DENIED AS MOOT**.

Signed in Baton Rouge, Louisiana, on October 21, 2019.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**