## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**CORNELIUS WILSON (#356241)**                  **CIVIL ACTION**

**VERSUS**

                                               **18-698-SDD-RLB**

**TIMOTHY HOOPER, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on October 22, 2019.

 

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**CORNELIUS WILSON (#356241)**                                   **CIVIL ACTION**

**VERSUS**
                                                                  **18-698-SDD-RLB**
**TIMOTHY HOOPER, ET AL.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on Motion for Judgment on the Pleadings filed on behalf of defendants Timothy Hooper, James LeBlanc, Stephanie Michele, Dr. Johnathan Roundtree, Dr. Preety Sing, Dr. Ashleigh Fleming and Angela Thompson (R. Doc. 18). The motion is not opposed.

The *pro se* plaintiff, an inmate confined at the Elayn Hunt Correctional Center ("EHCC"), St. Gabriel, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against the aforementioned defendants and others complaining that his constitutional rights were violated due to the defendant failure to protect him from harm and deliberate indifference to his serious medical needs.[1] He prays for monetary and injunctive relief.

---

[1] In addition to the moving defendants, the plaintiff also named Unknown Boies, Sgt. Washington, EHCC's Medical Department and its Contractors/Contractees Skilled Nursing Unit, and Director Salina as defendants. A review of the record reveals that these defendants have not been served because service was not accepted by the Department of Corrections. *See* R. Doc. 16. Pursuant to the requirements of Rule 4(m) of the Federal Rules of Civil Procedure, failure to serve a defendant within 90 days of commencement of an action is cause for dismissal of that defendant from the proceeding. Although a *pro se* plaintiff may rely on service by the U.S. Marshal, he may not remain silent and do nothing to effectuate such service and should attempt to remedy any defects of which he has knowledge. The plaintiff was informed of the lack of service and has failed to take action to direct service on these defendants. *See* R. Doc. 26. It is appropriate, therefore, that the plaintiff's claims asserted against defendants Unknown Boies, Sgt. Washington, EHCC's Medical Department and its Contractors/Contractees Skilled Nursing Unit, and Director Salina be dismissed, without prejudice, for failure of the plaintiff to effect timely service upon them.

The defendants move for a judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), and assert, *inter alia*, that the plaintiff has failed to state a claim upon which relief may be granted. A motion for judgment on the pleadings is evaluated on the same basis as a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6). *Gentilello v. Rege*, 627 F.3d 540, 543-44 (5th Cir. 2010) (*citing Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)).

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss pursuant to Rule 12(b)(6). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, *supra*, at 555. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678, *quoting Bell Atlantic Corp. v. Twombly*, *supra*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. It follows that, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*. at 679. "Where a Complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. at 678 (internal quotation marks omitted).

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Further, "[a] document filed *pro se* is 'to be liberally construed' ... and 'a *pro se* Complaint, however inartfully pleaded, must be held to less stringent standards than

formal pleadings drafted by lawyers.'" *Id*. (citation omitted). Notwithstanding, the court need not accept "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or "naked assertions [of unlawful conduct] devoid of further factual enhancement." *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678 (internal quotation marks omitted).

In his Complaint as amended the plaintiff alleges that, while housed in the medical ward, he was attacked in his sleep by inmate Walter Smith. Inmate Smith hit the plaintiff with a metal oxygen tank resulting in a ditch like scar. Despite the medical staff's knowledge that inmate Smith was unusually dangerous and had a history of mental health problems, inmate Smith and the plaintiff, who has no voice box and was therefore unable to yell, were locked in a room with no monitoring either by correctional officers or cameras. The plaintiff took pictures of his injury, but the photographs were destroyed by defendant Washington.

Defendant Warden Hooper's staff is not properly trained. Defendant Warden Hooper knew of complaints regarding defendant Sgt. Thompson locking the door. All of the defendants in the mental health department, the nursing department, and classification knew of inmate Smith's history and failed to separate him from other inmates. Defendants Drs. Roundtree and Singh failed in their duty of care by authorizing inmate Smith to use metal oxygen cylinders in the medical ward thereby enhancing an already dangerous situation. The plaintiff was also denied dressing changes.

First, as to the plaintiff's claims asserted against defendants Warden Hooper, Secretary LeBlanc, Michele, and Dr. Fleming, in their individual capacities, in order for a person to be found liable under § 1983 the person must have been personally involved in conduct causing an alleged deprivation of the plaintiff's constitutional rights, or there must be a causal connection between the conduct of that person and the constitutional violation sought to be redressed. *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983). The plaintiff has made no allegations of

personal involvement on the part of defendants Hooper, LeBlanc, Michele, or Dr. Fleming. Any implied allegation that these defendants are responsible for the actions of their subordinates or co-employees is alone insufficient to state a claim under § 1983. *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978). Further, in the absence of direct personal participation by a supervisory official in the alleged constitutional violation, the plaintiff must allege that the deprivation of his constitutional rights occurred either as a result of a subordinate's implementation of the supervisor's affirmative wrongful policies, or as a result of a breach by the supervisor of an affirmative duty specially imposed upon him by state law. *Lozano v. Smith, supra*. The plaintiff has made no such allegations in the instant matter. As such, the plaintiff's Complaint, as amended, fails to state a claim against defendants Hooper, LeBlanc, Michele, or Dr. Fleming for a violation of any of his constitutional rights.

With regards to defendant Thompson, under the Eighth Amendment to the United States Constitution, a prisoner has a constitutional right to be sheltered from the threat of harm or violence at the hands of other inmates. *Johnston v. Lucas*, 786 F.2d 1254, 1259 (5th Cir. 1986); *Jones v. Diamond*, 636 F.2d 1364, 1373 (5th Cir. 1981). Specifically, prison officials "have a duty ... to protect prisoners from violence at the hands of other inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). "Deliberate indifference" is the appropriate standard to be applied in this context, and this term has been defined as including an element of "subjective recklessness" as used in the criminal law. *Id.* at 837. A prison official may be held liable under the Eighth Amendment for acting with deliberate indifference to an inmate's health or safety only if he knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Id. at 847*. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference. *Id.* at 837. However, a prison official may not "escape liability for

deliberate indifference by showing that, while he was aware of an obvious, substantial risk to inmate safety, he did not know that the complainant was especially likely to be assaulted by the specific prisoner who eventually committed the assault." *Id.* at 843. It is irrelevant whether a risk comes from "a single source or multiple sources" or whether the risk is borne by a single prisoner for personal reasons or by all similarly-situated prisoners. *Id.*

Applying the foregoing standard, the Court concludes that the plaintiff has failed to allege facts sufficient to support a claim that defendant Thompson was deliberately indifferent to a substantial risk of serious harm in failing to protect the plaintiff from his co-inmate. The plaintiff alleges that defendant Thompson was aware of inmate Smith's violent nature and mental health issues. However, the plaintiff does not allege any facts tending to show that the defendant Thompson was aware of a substantial risk of harm to the plaintiff and disregarded the risk. There are no facts alleged regarding any prior history or current conflict between the plaintiff and inmate Smith, and no allegation that the incident at issue was anything but an unprovoked act by inmate Smith.

The deliberate indifference standard sets a very high bar, and a claim of mere negligence in failing to protect an inmate from harm is not actionable under § 1983. *See Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986). The decision of defendant Thompson allowing the plaintiff to share a living area in the medical unit with inmate Smith is a claim of mere negligence under the facts asserted by the plaintiff. Even accepting as true that inmate Smith had a history of violence, as a practical matter, "[p]risons are necessarily-dangerous places," which "house society's most antisocial and violent people in close proximity with one another," thereby making it inevitable that "some level of brutality ... among prisoners" may occur. *Farmer v. Brennan*, *supra*, 511 U.S. at 858–59 (Thomas, J., concurring). *See also Verrette v. Major*, 2011 WL 3269319 (W.D. La. July 29, 2011) (dismissing an inmate's failure-to-protect claim upon a

finding that, even if the defendant was aware of an inmate's history of violence, "[p]risons are dangerous places housing dangerous people" and "[i]t is unreasonable to believe persons overseeing the classification of inmates for work assignments and housing can prevent all potential prisoner-on-prisoner violence"). Accordingly, the mere fact that the offending co-inmate may have been involved in one or more prior inmate-on-inmate confrontations does not compel a finding that the determination to house the two inmates in the same area amounted to deliberate indifference.

Based on the plaintiff's allegations, there is no basis for finding that defendant Thompson was subjectively deliberately indifferent to the plaintiff's safety or well-being. Accordingly, the plaintiff's amended Complaint fails to contain sufficient facts to state a claim for deliberate indifference to the plaintiff's safety against this defendant.

As to defendants Drs. Roundtree and Singh, the plaintiff's allegation that the doctors did not follow their duty of care by allowing inmate Smith to use oxygen cylinders is a claim for negligence, if anything. Negligence claims are not actionable under 42 U.S.C. § 1983. *Eason v. Thaler,* 73 F.3d 1322, 1329 n. 3 (5th Cir. 1996) ("[N]egligence is not a theory for which liability may be imposed under section 1983."); *see also Baker v. McCollan,* 443 U.S. 137 (1979) ("Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law."); *Nesmith v. Taylor,* 715 F.2d 194, 195 (5th Cir. 1983) ("It is fundamental to our federal jurisprudence that state law tort claims are not actionable under federal law; a plaintiff under section 1983 must show deprivation of a federal right.").

The plaintiff also alleges that he was denied dressing changes. In order for there to be liability in connection with a claim of deliberate medical indifference, an inmate plaintiff must allege that appropriate medical care has been denied and that the denial has constituted

"deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Johnson v. Treen*, 759 F.2d 1236, 1237 (5th Cir.1985). Whether the plaintiff has received the treatment or accommodation that he believes he should have is not the issue. *Estelle v. Gamble*, *supra*. Nor do negligence, neglect, unsuccessful treatment, or even medical malpractice, give rise to a § 1983 cause of action. *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir.1991). Rather, "subjective recklessness as used in the criminal law" is the appropriate definition of "deliberate indifference" under the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 839–30 (1994). As stated in *Farmer*, to be liable on a claim of deliberate indifference, an official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. The deliberate indifference standard sets a very high bar: the plaintiff must be able to establish that the defendants "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001), *quoting Estelle v. Gamble*, *supra*. Further, a mere delay in providing medical treatment does not amount to a constitutional violation without both deliberate indifference and a resulting substantial harm. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

In the instant matter, the plaintiff offers no additional details regarding the denial of dressing changes, and the plaintiff does not allege facts showing that a substantial risk of serious harm existed or that the defendants engaged in conduct that would evince a wanton disregard for a serious medical need. Without more, it appears that the plaintiff's claim amounts to a disagreement with the treatment received. As such, the plaintiff's Complaint, as amended, fails to state a claim against Drs. Roundtree and Singh.

**RECOMMENDATION**

It is the recommendation of the magistrate judge that the plaintiff's claims against defendants Unknown Boies, Sgt. Washington, EHCC's Medical Department and its Contractors/Contractees Skilled Nursing Unit, and Director Salina be dismissed, without prejudice, for failure to timely effect service upon them. It is further recommended that Motion to Dismiss (R. Doc. 18) filed on behalf of all other defendants be granted, that the plaintiff's claims against defendants Hooper, LeBlanc, Michele, Drs. Roundtree, Singh, and Fleming, and Thompson be dismissed with prejudice and that this action be dismissed.

Signed in Baton Rouge, Louisiana, on October 22, 2019.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**