UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CORNELIUS WILSON (#356241)                               CIVIL ACTION

VERSUS
                                                         18-698-SDD-RLB
TIMOTHY HOOPER, ET AL.

**ORDER**

This matter comes before the Court on the plaintiff's Rule 60 Motion for Relief from Judgment (R. Doc. 44).  This Motion shall be denied.

On October 22, 2019, the Magistrate Judge issued a Report and Recommendation (R. Doc. 37) recommending that the plaintiff's claims against defendants Unknown Boies, Sgt. Washington, EHCC's Medical Department and its Contractors/Contractees Skilled Nursing Unit, and Director Salina be dismissed, without prejudice, for failure to timely effect service upon them, that the Motion (R. Doc. 18) filed on behalf of all other defendants be granted, that the plaintiff's claims against defendants Hooper, LeBlanc, Michele, Drs. Roundtree, Singh, Fleming, and Thompson be dismissed with prejudice, and that this action be dismissed.  The plaintiff objected to the Magistrate Judge's Report and Recommendation.  *See* R. Doc. 39.  On November 11, 2019, the plaintiff's action was dismissed as recommended.  *See* R. Docs. 41 and 42.  The plaintiff now moves for the Court vacate its Ruling pursuant to Federal Rule of Civil Procedure 60(b)(4) on the grounds that the judgment is void.

With regards to Rule 60(b)(4) the Supreme Court has said, "…a void judgment is one soJune 29, 2020 affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final…The list of such infirmities is exceedingly short; otherwise, Rule 60(b)(4)'s exception to finality would swallow the rule…A judgment is not void, for example,

simply because it is or may have been erroneous…Similarly, a motion under Rule 60(b)(4) is not a substitute for a timely appeal...Instead, Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard.  *See United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270-271 (2010).

In the instant matter, the plaintiff asserts that the Court erred in stating that the plaintiff did not oppose the defendants' Motion for Judgment on the Pleadings (R. Doc. 18).  An additional review of the record does not reveal that an opposition was filed, and the plaintiff has not provided any documentary proof of mailing.  Regardless, the plaintiff did file an Objection (R. Doc. 39) which was considered by the Court.  Further, a review of the plaintiff's purported opposition contains nothing which would change the Court's Ruling as to the Motion for Judgment on the Pleadings (R. Doc. 18) which was decided by accepting the allegations of the plaintiff's Complaint as true.

The plaintiff also asserts that the conclusions of the Magistrate Judge were clearly wrong.  This Court has already considered and adopted the Magistrate Judge's Report and Recommendation after finding no error in the same, and the plaintiff has not shown any grounds in the instant Motion that would entitle him to relief under Federal Rule of Civil Procedure 60(b)(4) or any other subsection of Rule 60(b).  Accordingly,

**IT IS ORDERED** that the plaintiff's Rule 60 Motion for Relief from Judgment (R. Doc. 44) be and is hereby **DENIED.**

Signed in Baton Rouge, Louisiana the 29th day of June, 2020.

_____
**CHIEF JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**